```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
JOYCE EISEN,                                                       :
                                                                   :
                              Plaintiff,                           :
                                                                   :
              -v-                                                  :    13-cv-6226 (KBF)
                                                                   :
DENNIS NORTON,                                                     :    OPINION & ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
------------------------------------------------------------------ X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: March 11, 2015

KATHERINE B. FORREST, District Judge:

The conduct that gave rise to the events underlying this lawsuit occurred during the period from 1999 to 2003: the contract at issue was signed in 1999; defendant performed under that contract between that time and 2003; and plaintiff signed a release in 2003. Time then passed. A lot of time. More than a decade later, on September 4, 2013, plaintiff commenced this action. (ECF No. 1.) Plaintiff alleges claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), breach of fiduciary duty (Count V), constructive trust (Count VI), and fraud (Count VII).[1] (ECF No. 17 ("Am. Compl.").) Defendant has raised the obvious defense to plaintiff's claims that they are all time-barred. The Court agrees. Defendant has also raised the second and equally dispositive defense that the release signed in 2003 covers all of plaintiff's claims. Again, the Court agrees. For these reasons, and as set forth below, the

---

[1] Plaintiff has dropped her claim for quantum meruit, which was Count IV of her amended complaint. (See ECF No. 28 at 24 n.17.)

Court GRANTS defendant's motion for judgment on the pleadings (ECF No. 22) and dismisses this action.[2]

I.     FACTS RELEVANT TO THIS MOTION

The pleadings and documents incorporated by reference therein tell the following story: Plaintiff Joyce Eisen had a brother who passed away in 1999. Thereafter, plaintiff and defendant Dennis Norton, who is plaintiff's nephew and the decedent's son, entered into a written contract (the "1999 Contract") pursuant to which the defendant would challenge his father's will, which was not as favorable to either of them as it was to defendant's stepmother. Plaintiff agreed to fund the attorney fees involved in such a challenge, and the two parties would split the proceeds and plaintiff would be repaid on an agreed basis. Defendant was and is a lawyer licensed to practice law in New York. He did not, however, litigate the will challenge himself, and instead hired two law firms to do so. The contract was executed on July 26, 1999. (See Am. Compl. & ex. A.)

As agreed, plaintiff provided the money and funded the lawsuit, and defendant challenged the will. Both parties then performed their respective principal obligations under the contract. In 2003, that challenge was resolved pursuant to a settlement between the stepmother and defendant by way of a publicly filed Stipulation of Settlement. (Am. Compl. ex C.) The Stipulation of Settlement refers, on its face, to another separately filed—also public—document, a Consulting Agreement. (Am. Compl. ex. E.) On June 20, 2003, defendant notified

---

[2] This matter was transferred to the undersigned on March 6, 2015.

2

plaintiff of the settlement and stated that, pursuant to the 1999 Contract, he owed plaintiff $109,034.41, and that she also received a 50% remainder interest in a trust that owned a piece of real estate.  (Am. Compl. ex. B.)  He attached an accounting and further stated, "If this is acceptable to you please sign and return to me the enclosed release, and I will forward a check in the above amount to you."  (Am. Compl. ex. B.)  The attached accounting did not mention the existence of the Consulting Agreement, though the Stipulation of Settlement did.  (Compare Am. Compl. ex. B, with Am. Compl. ex. C ¶ 8.)  Plaintiff denies that she received a copy of the Stipulation of Settlement in 2003.  (Am. Compl. ¶ 21.)

Plaintiff executed a release (the "Release") about a month after receiving defendant's notification of the settlement.  The Release specifically mentions the existence of the Stipulation of Settlement, and that plaintiff received it.  (ECF No. 8-1 ("Release").)  It states that plaintiff:

> [r]eleases and discharges DENNIS M. NORTON . . . from all actions, causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, promises, variances . . . claims and demands whatsoever, in law or equity . . . which [plaintiff] ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of the date of this RELEASE, including but not limited to, all claims arising out of the Estate of Bruce M. Norton and the letter agreement between RELEASEE and RELEASOR dated July 26, 1999 pertaining thereto.

(Release.)

Thereafter, on a number of occasions, plaintiff sought further information from defendant regarding the settlement terms. (Am. Compl. ¶ 35.) She did not receive such information, and eventually defendant stopped returning her calls. (Am. Compl. ¶ 35.) For reasons that are unclear, plaintiff waited until 2012 to retain counsel. (Am. Compl. ¶ 36.) Counsel performed the routine exercise of obtaining the Stipulation of Settlement from the public records at the Suffolk County Surrogate's Court. (Am. Compl. ¶ 36.) The Consulting Agreement is also in the Surrogate's Court public files. (See Am. Compl. ex. E.)

At the end of January 2014, defendant provided plaintiff with a copy of the Consulting Agreement. (Am. Compl. ¶ 48.) The Consulting Agreement references an arrangement between defendant and Nor-Court Management, Inc., a company in which the stepmother served as president—entered into contemporaneously with the Stipulation of Settlement—pursuant to which he performs certain services and obtains an ongoing income stream thereby. (See Compl. ¶ 50 & ex. E.) In total, defendant has received more than $1.2 million dollars in payments pursuant to the Consulting Agreement. (Am. Compl. ¶ 45.) Plaintiff filed this lawsuit in September 2013. (ECF No. 1.)

II. STANDARD OF REVIEW

This motion for judgment on the pleadings is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."

4

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in the non-moving party's favor. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

III. STATUTES OF LIMITATIONS

A fully dispositive ground for dismissal are the applicable statutes of limitations. All of plaintiff's claims are subject to limitations periods of six years. See N.Y. C.P.L.R. § 213; Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 361 (2d Cir. 2013) ("Under New York law, claims of common law fraud and of breach of fiduciary

5

duty based on fraud are generally subject to six-year statutes of limitations."); Escano v. Freemont Inv. & Loan, No. 13 Civ. 1575(LTS)(GWG), 2013 WL 6388448, at *3 (S.D.N.Y. Dec. 6, 2013) (under New York law, claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and breach of fiduciary duty are subject to a six-year statute of limitations); Ellul v. Congregation of Christian Bros., No. 09 Civ. 10590(PAC), 2011 WL 1085325 (S.D.N.Y. Mar. 23, 2011) (under New York law, constructive trust claims are subject to six-year statute of limitations).  As more than six years has passed since the latest date the claims could accrued, they are time-barred, and accordingly must be dismissed.[3]

## IV.   EFFECT OF RELEASE

In 2003, plaintiff released any claims of any nature that she may have had against the defendant.  Her release specifically covered the contractual arrangement she had entered into with the defendant relating to Bruce Norton's estate, and it specifically released the defendant from having to further account to plaintiff for future reckonings, controversies, claims, promises, variances, damages, claims and demands.

Plaintiff now claims that she was duped—that she believed and relied on the accounting attached to the letter from defendant in June 2003 announcing the settlement when in fact defendant had reached a secret side arrangement for additional money from the estate.  Notably, plaintiff does not deny she signed the

---

[3] Plaintiffs arguments regarding equitable tolling and equitable estoppel lack merit, as they are entirely unsupported by factual allegations that are both plausible and relevant.

Release. Rather, she argues it would be grossly unfair to hold her to it under these circumstances.

The Release is a binding agreement that plaintiff entered into voluntarily. While she denies receiving the Stipulation of Settlement, there is no claim that she was forced to sign the Release under duress of any kind. There is no allegation that, for instance, she was told to sign immediately or she would not receive her share; nor is there any allegation that she requested additional information that she did not receive prior to signing it.

Plaintiff's claim is essentially fraud in the inducement—that she would not have entered into the Release but for defendant's fraud. But she has not brought a claim based on the Release. Indeed, the complaint makes no mention of the Release. Additionally, there is no dispute that her own attorney later obtained a copy of the Stipulation of Settlement simply by obtaining it from the Suffolk County Surrogate's Court, where it was publicly filed. There can be no dispute that on its face this document references the Consulting Agreement that plaintiff claims was hidden from her, and the public record leaves no doubt that the Consulting Agreement was itself publicly available.

On these facts, there is no basis for plaintiff to avoid the effect of the Release. That she may now have more information than she previously had can both be true and non-actionable under these circumstances.

Plaintiff also argues that defendant owed her a fiduciary duty, and that this duty encompassed a requirement that defendant disclose material facts to her,

7

including that he was receiving additional compensation from plaintiff's brother's estate by way of the Consulting Agreement. Plaintiff's factual allegations are insufficient to support this assertion.

Under New York law, one has an obligation to disclose material facts to another party when (1) one is in a fiduciary relationship with the other party, or (2) one possesses superior knowledge not readily available to the other party, and knows the other party is acting on the basis of mistaken knowledge. Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n, 731 F.2d 112, 123 (2d Cir. 1984). When mistakes of fact may be corrected with reference to the public record, they do not support a claim. See id.; Sable v. Southmark/Envicon Capital, 819 F. Supp. 324, 333 (S.D.N.Y. 1993) ("The naked assertion of concealment of material facts which is contradicted by published documents which expressly set forth the very facts allegedly concealed is insufficient to constitute actionable fraud." (quoting Decker v. Massey-Ferguson, Ltd., 534 F. Supp. 873, 880 (S.D.N.Y. 1981))). If a party has means available to him to obtain the missing facts, he cannot later claim that he was induced to enter into a transaction by a misrepresentation of those facts.

The facts alleged in the complaint do not support the existence of a fiduciary relationship between plaintiff and defendant. The fact that defendant is an attorney is, standing alone, not enough. See In re Hayes, 183 F.3d 162, 169 (2d Cir. 1999) (basis of attorney's owing fiduciary duty to another individual is an attorney-client relationship). There is no allegation that defendant was acting as plaintiff's attorney with regard to their relationship and, indeed, in his cover letter

accompanying the 1999 Contract, defendant suggests that plaintiff have an attorney review the document.  What is more, that contract entailed plaintiff paying fees to other lawyers—retained by defendant—to handle the challenge to defendant's father's will.  And the fact that plaintiff and defendant are relatives does not change this analysis.

At any rate, the facts that plaintiff needed were not hidden.  The Release is one page long, and the Stipulation of Settlement is specifically mentioned in it.  Further, when plaintiff signed the Release, she acknowledged receipt of the Stipulation of Settlement.  Finally, even had she not received the document, it resides in the public record, along with the Consulting Agreement.  On these facts, there is no basis for a claim that defendant owed plaintiff any special duty, or that plaintiff lacked access to hidden material facts.[4]

In her complaint and in her argument on this motion, plaintiff refers to the accounting attached to the June 2003 letter from defendant as misleading.  That may be so—but plaintiff did not specifically reference her reliance on the truth and accuracy of that statement in agreeing to the Release, and that accounting does not erase the reference in the Release to the publicly available Stipulation of Settlement.

---

[4] It is for these reasons that plaintiff's arguments based on the little-used "partial statement doctrine," which plaintiff has derived from Brass v. American Film Techologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) and Alliance Industries, Inc. v. Longyear Holdings, Inc., 854 F. Supp. 2d 321 (W.D.N.Y. 2012), also fail.

V.     CONCLUSION

For the reasons set forth above, defendants' motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 22 and to terminate this action.

     SO ORDERED.

Dated:     New York, New York
     March 11, 2015

     _____
     KATHERINE B. FORREST
     United States District Judge

10